489 S.E.2d 727

**John Jefferson MARTIN**

v.

**Joyce Kathryn Moses MARTIN.**

**Record No. 1772–96–3.**

Court of Appeals of Virginia,
Salem.

Sept. 9, 1997.

Rehearing En Banc Granted Oct. 14, 1997.

552

David A. Furrow, Rocky Mount (Law Offices of David A. Furrow, P.C., on briefs), for appellant.

Alton B. Prillaman, Roanoke, John Acree, Woodstock (Robin E. Dearing, Jolly, Place, Fralin & Prillaman, P.C., Roanoke, on brief), for appellee.

Present: MOON, C.J., and COLEMAN and WILLIS, JJ.

MOON, Chief Judge.

John Jefferson Martin ("husband") appeals the circuit court's determination of his separate property interest in his marital residence. He asserts that the trial court erred in failing to treat as separate property the increased value of the marital home attributable to his separate contribution to its purchase. We hold that the evidence supports the finding that wife's personal efforts were significant and resulted in a substantial increase in the value of the marital residence. Further, because husband's evidence did not prove, as a matter of law, that some portion of the increased value was not caused by contributions of marital property or wife's personal efforts, we hold that the trial court did not err in failing to classify as husband's separate property a proportionate share of the appreciated value of the marital residence.

Husband and Joyce Kathryn Moses Martin ("wife") were married on February 14, 1981. At the time of the parties' marriage, husband and his former wife were tenants in common in a home which was the subject of a partition sale. Wife testified that she had some real estate knowledge and "acumen" and that she determined that the house was going to sell too "cheaply." Wife stated that she told husband that they should purchase the house and then resell it at a later date at a substantial profit. They purchased the home for $60,100.

Husband's separate property interest in the home was $26,-634.22. The parties obtained a joint loan of an additional $30,000 toward the purchase of the home. Husband testified that he paid $3,465.87 in "additional fees, lawyer's fees, taxes, and stuff like that." Husband stated that he had received the $3,465.87 from his former wife as part of their marital settlement.

On August 20, 1993, wife filed for divorce. The matter was referred to a commissioner in chancery, who found that husband was entitled to reimbursement of $26,634.22, the amount of his separate funds contributed to the purchase of the residence, but that the remainder was marital property which should be divided equally. The trial court overruled husband's objection to the commissioner's report and entered a final decree adopting the commissioner's findings.

 Code § 20–107.3 controls the classification and division of a marital estate and specifically provides what is required in order to prove that property has been transmuted into marital property and which party has the initial burden of proving the necessary elements. In relevant part, Code §§ 20–107.3(A)(1) and (2) provide that:

1. Separate property is . . . that part of any property classified as separate pursuant to subdivision A 3 . . . . The increase in value of separate property during the marriage is separate property, unless *marital property or the personal efforts of either party have contributed to such increases* and then only to the extent of the increases in value attributable to such contributions. *The personal efforts of either party must be significant and result in substantial appreciation of the separate property* if any increase in value attributable thereto is to be considered marital property.

2. Marital property is . . . that part of any property classified as marital pursuant to subdivision A 3 . . . .

(Emphasis added). Code § 20–107.3(A)(3) requires that:

3. The court shall classify property as part marital property and part separate property as follows:

a.... In the case of the increase in value of separate property during the marriage, such increase in value shall be marital property only to the extent that *marital property or the personal efforts of either party have contributed to such increases,* provided that any such *personal efforts must be significant and result in substantial appreciation of the separate property.*

For purposes of this subdivision, the nonowning spouse shall bear the burden of proving that (i) contributions of marital property or personal effort were made and (ii) the separate property increased in value. Once this burden of proof is met, the owning spouse shall bear the burden of proving that the increase in value or some portion thereof was not caused by contributions of marital property or personal effort.

*"Personal effort"* of a party shall be deemed to be labor, effort, inventiveness, physical or intellectual skill, creativity, or managerial, promotional or marketing activity applied directly to the separate property of either party.

(Emphasis added). Reading Code §§ 20–107.3(A)(1) and (2) in conjunction with Code § 20–107.3(A)(3), we hold that in order to establish that the increase in the value of the marital residence was marital property, wife had to prove either that contributions of marital property or her personal efforts, or both, resulted in the increase. Further, to the extent that she relied on proving that the increased value was attributable either to her or husband's personal efforts, she had to prove that the personal efforts were "significant" and resulted in "substantial appreciation" of husband's separate property interest in the marital residence.[1]

---

[1] We read Code §§ 20–107.3(A)(1) and 20–107.3(A)(3) as requiring that personal efforts must be significant and result in substantial increase in value. However, we do not read these sections as requiring that wife prove that "contributions of marital property" were "significant" or resulted in "substantial appreciation," in order for those contributions to be considered in determining what portion of the increased value of the marital residence was properly classified as marital. Both code sections specifically address "personal efforts" and the "significant"

■ The question in this case is whether wife's contributed "personal effort" of "labor, effort, inventiveness, physical intellectual skill, creativity, or managerial, promotional or marketing activity applied directly to the separate property." Wife testified that her knowledge and real estate acumen led her to believe that the residence was worth substantially more than its potential purchase price.

■ Whether wife's personal efforts were significant was a matter for the trial court to determine, and such determination will not be reversed unless plainly wrong. *Pommerenke v. Pommerenke*, 7 Va.App. 241, 244, 372 S.E.2d 630, 631 (1988). Wife's testimony supports a finding that her real estate acumen and urging of her husband to invest in the residence was "personal effort" which, according to the wife, was significant and resulted in substantial appreciation of the husband's separate property. Once the evidence was sufficient to support such a finding, the burden shifted to husband to prove that factors other than wife's personal efforts and the contribution of marital funds increased the value of his investment. However, husband put on no evidence to contradict wife's evidence. Therefore, we cannot say that the trial court was plainly wrong in classifying as marital property the entire increase in the value of the husband's separate property at the time of purchase.

Wife testified that the house was bought because she recognized its potential value when husband was willing to pass on the opportunity to purchase it. Wife asserted that husband invested his $26,634.22 upon her advice that the house was worth $79,000 at the time they purchased the home for $60,100. Thus, wife contended that husband had an asset of $26,634.22 which he was about to receive in the form of cash from the sale of his former residence and she convinced him to "invest" it by purchasing the residence, which she believed was undervalued. Viewing the evidence in the light most

and "substantial" requirements, but no similar provision is made for contributions of marital property.

favorable to wife, husband's asset of $26,634.22 was thus immediately increased by $8,375.82 to $35,010.04 [2] as a result of wife's knowledge and "acumen."

Wife also testified that the increase in the value of the residence from time of purchase ($79,000) to $110,000 was attributable to her efforts in "fixing up" the residence and her investment of $5,000 of marital funds in "improvements." Wife stated that the she was actively involved in making the improvements, including carpeting, painting, and wallpapering the house. It was undisputed that at the time of the parties' divorce, the marital residence's value had increased to $110,-000 and that wife had made improvements to the home and spent marital funds in making improvements. Consequently, construing the evidence in the light most favorable to wife, we hold the evidence was sufficient to prove that husband's original investment of $26,634.22, which increased at the time of purchase to $35,010.04, was subsequently increased by $9,927.30 to $44,937.34 [3] as a result of wife's personal efforts and the investment of marital funds.

 Husband argues that wife's efforts were not significant and that there was no showing that they resulted in an increase in value. However, at trial, after wife testified that her efforts and investment of $5,000 in marital funds were the sole cause of the increase, the burden again shifted to husband to prove what part of the increase, if any, was not due to personal efforts of either of the parties or to use of marital funds. Husband adduced no such evidence. Therefore, we cannot say that the trial court was plainly wrong in deciding that the total increase in value of husband's separate property investment was marital property.

The circumstances here are unlike those of *Rowe. v. Rowe*, 24 Va.App. 123, 136, 480 S.E.2d 760, 766 (1997), where the owning spouse presented evidence proving that the increase in

2. $26,634.22/$60,100 multiplied by $18,900 ($79,000 minus $60,100).

3. $26,634.22/$110,000 multiplied by $41,000 ($110,000 minus $79,-000).

the value of his separate newspaper stock was largely due to the efforts of others or from passive factors. Here, husband presented no evidence which proved, as a matter of law, that the increase in value of husband's separate interest in the home was not due to contributions of marital property or wife's personal efforts. Here, unlike in *Rowe*, wife testified that her efforts were responsible for the increase in value. In *Rowe*, the wife merely testified that she did some work in the house but put no dollar value on the work nor did she testify as to what effect the work had on the increase in the house's value. *See* 24 Va.App. at 136, 480 S.E.2d at 766.

Husband also argues that the trial court erred in failing to classify as his separate property interest the sum of $3,465.78 which he asserts he contributed to the purchase of the home when he and wife purchased it. Husband raised no objection at trial concerning the trial court's failure to classify his $3,465.78 as his separate property. Rule 5A:18 bars our consideration of any ruling of the trial court unless the objection was stated together with the grounds therefor at the time of the ruling.

Accordingly, we affirm.

*Affirmed.*

COLEMAN, Judge, dissenting.

I agree with and join in the majority's basic construction of Code § 20–107.3, which governs how courts shall classify an increase in value of separate property. That statute as amended in 1990 authorized, for the first time, the dual classification of property as part marital and part separate, *see Smoot v. Smoot*, 233 Va. 435, 357 S.E.2d 728 (1987), and specified how trial courts are to classify an increase in the value of separate property or property that is classified as part marital and part separate.

As the majority notes, Code § 20–107.3(A)(3)(e) provides that when separate and marital property are commingled to acquire new property, the newly acquired property shall retain its original classification to the extent that the commin-

gled property is retraceable by a preponderance of the evidence. Here, the parties traced the commingled funds which they used to purchase the home to the husband's $30,100 investment of separate funds and to the investment of $30,000 in marital funds, which they borrowed. Under Code §§ 20-107.3(A)(1) and 20-107.3(A)(3)(a), the increase in value of the husband's separate property interest is deemed to be separate *unless* the nonowning party proves that the increase was attributable to contributions of marital property or to the personal efforts of either party. In order for the nonowning spouse to rebut the presumption that the increase in value of separate property is also separate property, Code §§ 20-107.3(A)(1) and 20-107.3(A)(3)(a) require that the nonowning spouse prove that marital property or significant personal efforts by the parties resulted in a substantial increase in the value of the property.

In my opinion, no credible evidence proved that the wife's personal efforts were significant or that they resulted in a substantial increase in the value of the property. The wife's vague, non-specific claim that over a twelve year period she purchased paint, wallpaper, and carpeting and that she personally painted, wallpapered, and carpeted parts of the home was insufficient to prove that her personal efforts were "significant" or that they caused or "result[ed]" in the "substantial" increase in the value of the property. The wife's evidence proved nothing more than that she performed general maintenance and upkeep of the home over the years. She did not prove that she made improvements, renovations, or additions which, in my opinion, are the types of personal efforts that would be "significant" and would be necessary to cause the property to substantially appreciate in value.

In *Lambert v. Lambert*, 6 Va.App. 94, 103, 367 S.E.2d 184, 190 (1988), we held that marital contributions or efforts, no matter how insubstantial, that were commingled with separate property were sufficient to transmute separate property into marital property. The concept of transmutation enabled trial courts to grant a monetary award to a party in order to reimburse that party for all his or her contributions, no matter

how great or insubstantial, to the other spouse's separate property. By transmuting the property to marital, the trial courts were able to do equity between the parties for their efforts or contributions in maintaining or improving the property.

However, after the 1990 revisions of Code § 20–107.3, which provided for dual classification, the law no longer provides that any contribution of marital property or marital effort, regardless of how "insignificant," will transmute separate property to marital property. Now, the party claiming that personal efforts contributed to the increase in value of separate property must prove that these personal efforts were "significant" *and* that they "result[ed] in substantial appreciation of the separate property." *See* Code § 20–107.3(A)(1) ("The personal efforts of either party must be significant and result in substantial appreciation of the separate property if any increase in value attributable thereto is to be considered marital property."); Code § 20–107.3(A)(3)(a) ("In the case of the increase in value of separate property during the marriage, such increase in value shall be marital property only to the extent that marital property or the personal efforts of either party have contributed to such increases, provided that any such personal efforts must be significant and result in substantial appreciation of the separate property.").

As the majority observes, Code § 20–107.3(A)(3)(a), which states, "[f]or purposes of this subdivision, the nonowning spouse shall bear the burden of proving that (i) contributions of marital property or personal effort were made and (ii) the separate property increased in value," does not relieve the nonowning spouse from proving that the personal efforts were "significant" *and* that they "result[ed] in substantial appreciation of the property." Although Code § 20–107.3(A)(3)(a) provides that the owning spouse shall have the burden of going forward with evidence to prove specifically or the extent to which the nonowning spouse's efforts or contributions did not cause or contribute to the increase, that provision applies only after the nonowning spouse has proven "significant" efforts and that they "result[ed] in substantial appreciation."

Code §§ 20.107.3(A)(1) and 20–107.3(A)(3)(a), which require proof of a "significant" personal effort that "result[ed] in substantial appreciation," must be read together.

In my opinion, no credible evidence exists on this record to support a finding that the wife's personal efforts were "significant" or that her efforts effected or resulted in any part of the $50,000 "substantial appreciation of the separate property." "Significant" is defined as "having or likely to have influence or effect; deserving to be considered; important, weighty, notable." *Webster's Third New International Dictionary,* 2116 (1981). The wife's evidence that during the twelve years of marriage she personally painted, wallpapered, and carpeted parts of the house proves only that she contributed to customary maintenance and upkeep of the home. In order for personal efforts contributed to a home to be "significant" and to cause or result in a substantial increase in value would require, in my opinion, improvements, additions, or renovations to the property.

The wife offered no evidence as to the value of property before or after her work. Furthermore, the fact that the wife testified that she had "some real estate knowledge and 'acumen'" and that, in her opinion, the property was worth $79,000 when they purchased it for $60,100 should be accorded no weight in proving a "significant personal effort" by her as required by Code § 20–107.3. The wife offered no evidence that she had any training or experience in real estate, or that she had done or was capable of doing an appraisal, a market study, or comparison of sales to determine the fair market value of the property when they purchased it. Other than the wife's conclusory assertion that she had some real estate "acumen," she offered no evidence to prove that the husband relied upon her "personal efforts" as his reason for purchasing the property. Accepting the wife's assertion and according it its greatest evidentiary value, in my opinion, proves nothing more than that she and her husband decided to purchase the property because she thought it to be a good investment. She has not proven that her "intellectual skill, creativity, or mana-

gerial, promotional or marketing activity [was] applied directly to the separate property." Code § 20–107.3(A)(3)(a).

Likewise, the $5,000 contribution of marital property to purchase paint, wallpaper, and carpet for the house is, in my opinion, the cost of customary maintenance and upkeep which was not proven to have caused or "result[ed] in [the] substantial appreciation [in value] of the separate property." This expenditure of marital funds for maintenance and upkeep is not the type of addition, renovation, improvement, or capital expenditure to a home or property that is necessary under the statute to account for an increase in the property's value.

The effect of the trial court's award is to attribute none of the $50,000 increase in the property's value to market forces or to a passive increase in property values. Thus, the trial court's award of $26,634.22 not only fails to return to the husband his $30,100 separate property investment, but, in terms of real dollars he actually is receiving, considerably less than he invested twelve years earlier, although the investment appreciated in value by $50,000. Accordingly, I would hold that the wife failed to prove that her personal efforts were significant or that they, or the contribution of marital property, caused or resulted in any portion of the $50,000 appreciation. In the absence of such evidence, Code §§ 20–107.3(A)(1)(iv) and 20–107.3(A)(3)(a) require, in my opinion, that the $50,000 appreciation be classified as 50% marital and 50% separate.

Moreover, even if the majority were correct that the wife had proven that her personal efforts were significant and that they resulted in a substantial increase in the value of the property, in my opinion, it would be error on the record for the trial court in making the equitable distribution award to disallow the husband a reasonable return on his investment. Although Code § 20–107.3(A)(3)(a) may place the burden upon the owning spouse of going forward with the evidence to disprove what part of the substantial increase in value was not attributable to the wife's efforts, the evidence proved the very limited nature of the wife's personal efforts, and that together

with the fact that no additions or improvements were made to the house is sufficient to prove that at least a significant portion of the property's appreciation was attributable to market forces which should have required the trial court to award the husband a reasonable return on his investment.

## UPON A PETITION FOR REHEARING EN BANC

### BEFORE THE FULL COURT

On September 23, 1997 came the appellant, by counsel, and filed a petition praying that the Court set aside the judgment rendered herein on September 9, 1997, and grant a rehearing en banc thereof.

On consideration whereof, the petition for rehearing en banc is granted, the mandate entered herein on September 9, 1997 is stayed pending the decision of the Court en banc, and the appeal is reinstated on the docket of this Court.

The parties shall file briefs in compliance with Rule 5A:35. It is further ordered that the appellant shall file with the clerk of this Court ten additional copies of the appendix previously filed in this case.