COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Baker, Benton, Coleman,
          Willis, Elder, Bray, Annunziata, Overton and Bumgardner
Argued at Richmond, Virginia


JOHN JEFFERSON MARTIN
                                              OPINION BY
v.        Record No. 1772-96-3        JUDGE SAM W. COLEMAN III
                                            JULY 14, 1998
JOYCE KATHRYN MOSES MARTIN


                   UPON REHEARING EN BANC

           FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
                    B. A. Davis, III, Judge

           David A. Furrow (Law Offices of David A.
           Furrow, P.C., on briefs), for appellant.

           John W. Acree (Alton B. Prillaman; Jolly,
           Place, Fralin & Prillaman, P.C., on brief),
           for appellee.


     In this equitable distribution case, John Jefferson Martin

(husband) appeals the trial court's award to him of $26,634.22

representing his contribution of separate property to purchase

the marital residence valued at $110,000.  He contends the trial

court erred by failing to classify as his separate property the

portion of the increased value of the home attributable to his

separate property contribution.  A panel of this Court affirmed

the trial court's decision, holding that the wife's testimony was

unrebutted that the entire increase in value was marital property

because she had contributed marital property and significant

personal efforts that resulted in a substantial increase in the

value of the marital residence.  See Martin v. Martin, 25 Va.

App. 551, 489 S.E.2d 727 (1997).  Upon rehearing en banc, we hold

that the trial court erred by failing to determine the increase in value of husband's separate property share. We further hold that the evidence failed to prove that wife contributed marital property or significant personal efforts that caused an increase in value of the home. Accordingly, we reverse the trial court's equitable distribution award. Because the evidence failed to prove that the increase in value of the home resulted from the post-purchase expenditure of marital funds or significant personal efforts for home improvements, we hold that the increase in value should be proportionally divided between the separate and marital shares. Therefore, we remand the case for the trial court to determine how to divide the marital share in accordance with the Code § 20-107.3(E) factors.

## BACKGROUND

Husband and Joyce Kathryn Moses Martin (wife) were married in 1981. Just before their marriage, husband and his former wife owned, as tenants in common, a home which was the subject of a partition sale. Wife, who had been "studying to be a realtor," testified that the house which was listed through a real estate agent for $60,100 was, in her opinion, selling too "cheaply." She testified she persuaded husband to purchase the house and later resell it for a profit. They purchased the home for $60,100 in 1981. Husband contributed $26,634.22 of his separate property to acquire the home. The parties jointly borrowed $30,000 and applied that amount toward the purchase price.

Husband claimed the remaining $3,465.78 of the purchase price came from his separate property received from his previous divorce.

In 1993, wife filed for divorce. The commissioner in chancery to whom the case was referred determined the value of the marital home to be $110,000. The commissioner further found that husband was entitled to be reimbursed $26,634.22, the amount of his separate funds contributed to purchase the home, and that the remaining $83,365.78 was marital property, which should be equally divided. The effect of the commissioner's finding was to classify as marital property the entire increase in value of the home from $60,100 to $110,000 during the twelve years the parties owned it. The trial court overruled husband's exceptions to the commissioner's report and by final decree adopted the commissioner's findings. On appeal, we review the trial court's holding that wife's initial recommendation that the home would be a sound investment, and her efforts at painting, wallpapering, and carpet installation in the home were significant personal efforts that resulted in a substantial increase in the home's value.

ANALYSIS

Code § 20-107.3, which governs equitable distribution awards, requires a trial court to classify and evaluate the parties' marital and separate properties. The court is no longer required to classify property as all separate or all marital.

See Smoot v. Smoot, 233 Va. 435, 357 S.E.2d 728 (1987).  Applying Code § 20-107.3(A), the court may classify the property as separate or marital, or part separate and part marital.

In pertinent part, Code § 20-107.3(A) provides that:

1.  Separate property is . . . that part of any property classified as separate pursuant to subdivision A3. . . .   The increase in value of separate property during the marriage is separate property, unless marital property or the personal efforts of either party have contributed to such increases and then only to the extent of the increases in value attributable to such contributions.  The personal efforts of either party must be significant and result in substantial appreciation of the separate property if any increase in value attributable thereto is to be considered marital property.

2.  Marital property is . . . that part of any property classified as marital pursuant to subdivision A3 . . . .

3.  The court shall classify property as part marital property and part separate property as follows:

a. . . . In the case of the increase in value of separate property during the marriage, such increase in value shall be marital property only to the extent that marital property or the personal efforts of either party have contributed to such increases, provided that any such personal efforts must be significant and result in substantial appreciation of the separate property.

For purposes of this subdivision, the non-owning spouse shall bear the burden of proving that (i) contributions of marital property or personal effort were made and (ii) the separate property increased in value.  Once this burden of proof is met, the owning spouse shall bear the burden of proving that the increase in value or some portion thereof was not caused by contributions or marital property or personal effort.

"Personal effort" of a party shall be

> deemed to be labor, effort, inventiveness,
> physical or intellectual skill, creativity,
> or managerial, promotional or marketing
> activity applied directly to the separate
> property of either party.

(Emphasis added).

Under Code § 20-107.3(A)(3)(e), when separate and marital property are commingled to acquire new property, "the commingled property shall be deemed transmuted to marital property," except to the extent the property can be retraced and was not a gift. When subsections (1), (2), and (3)(a) of Code § 20-107.3(A) are read together, they provide that where separate property can be retraced from commingled property, the increased value in that separate property is presumed to be separate, <u>unless</u> the non-owning spouse proves that contributions of marital property or personal effort caused the increase in value. To the extent the non-owning spouse claims that the increase in value was attributable to personal efforts, the non-owning spouse must prove that the personal efforts were "significant" and resulted in "substantial appreciation" of the owning spouse's separate property interest. Code § 20-107.3(A)(1), 20-107.3(A)(3)(a). Once the non-owning spouse overcomes the presumption of separateness of the increase in value, the burden shifts to the owning spouse to prove that the increase in value or some portion thereof was not caused by contribution of marital property or significant personal effort. Code § 20-107.3(A)(3)(a).[1]

---

[1]Code § 20-107.3(A)(1), (2), and (3)(a) provide, in effect, that when commingled property has been retraced to separate

In the present case, the parties agreed and the trial court found that husband had retraced from the commingled funds used to purchase the house, $26,634.22 as his separate property. The evidence proved that $30,000 in marital funds were used to acquire the house. The trial court treated the remaining $3,465.78 of the purchase price as marital property. Thus, pursuant to Code § 20-107.3(A)(3)(e), the trial court found that $26,634.22 of the commingled funds used to purchase the home was retraceable to separate property, and the remaining $33,465.78 of the purchase price was traceable to marital property. Although, on appeal, husband asserts that the trial court erred in not classifying the $3,465.78 as separate property, husband did not object to the findings of the commissioner or the trial court classifying and valuing husband's separate interest at $26,634.22. We will not consider for the first time on appeal an issue that was not preserved in the trial court. See Rule 5A:18.

However, the trial court erred in failing to determine the (..continued) property, the separate property interest and the increase in value of that interest shall retain the classification of separate property unless transmuted into marital property by the addition of marital property or funds or by the contribution of significant personal efforts that substantially increase the value of the separate property interest. However, once the non-owning spouse has proven that the increase in value of the separate property interest is transmuted to marital property by additions of marital funds that caused the increase in value and/or significant personal efforts that resulted in "substantial appreciation," the owner of the separate share shall be entitled to that portion of the increase in value that the owner can prove was attributable to passive market forces and not caused by the addition of marital property or expenditure of marital funds and not by the non-owning spouse's personal efforts.

extent to which husband's separate property interest in the home increased in value during the twelve years of marriage.  See Code § 20-107.3(A)(1) ("The increase in value of separate property during the marriage is separate property . . . .").  The trial court ruled that the husband was only entitled to a return of his $26,634.22 separate funds used to purchase the home.[2]  The trial court did not determine whether any portion of the $49,000 increase in value was attributable to a passive appreciation in market value of property, exclusive of improvements or additions resulting from marital property contributions, or significant personal effort.  The question we decide here is whether the wife has overcome the presumption that the increase in value of the separate property is separate.

Code § 20-107.3(A)(1) expressly provides that the increase in value of the retraceable separate funds shall be separate unless the non-owning party proves that all or a portion of the increase was due to the contribution of marital funds or significant personal effort.  The trial court erred by failing, as an initial matter, to determine whether and to what extent husband's separate share increased in value.

---

[2]In returning husband's initial investment, the trial court relied upon our unpublished opinion in Hauger v. Hauger, 1995 Va. App. Lexis 206.  The trial court misconstrued the holding in Hauger.  In Hauger, we merely rejected the wife's claim that the trial court erred by awarding to husband as his separate property the retraceable separate funds that he had contributed to purchase the marital home.  We did not have the occasion to decide whether the husband was entitled to the passive increase in value of his separate property.

We have not adopted an exclusive method for determining how to apportion the increase in value of retraced separate property. In Hart v. Hart, 27 Va. App. 46, 65-66, 497 S.E.2d 496, 505 (1998), we approved the "Brandenburg formula" as one method for ascertaining the value of the separate and marital components of hybrid property in relation to the original contributions. Although other methods may be equally acceptable, where the separate and marital funds were commingled into "newly acquired" property, by applying the "Brandenburg formula," which we deem appropriate on these facts, we hold that the husband's presumptive separate share in the hybrid property valued at $110,000 is $48,748.16.[3] Thus, the increase in value of husband's retraceable separate funds is $22,113.88.[4] Under the provisions of Code § 20-107.3(A), the $22,113.88 increase in husband's separate share is presumed to be separate property. The trial court should have applied the Brandenburg method, or another acceptable method, to initially calculate the increase in value of husband's separate property share of the marital residence.

We next consider whether the wife, as non-owning spouse, proved that all or a portion of the increase in value of the

---

[3]$110,000 X ($26,634.22 ÷ $60,100) = $48,748.16. See Hart, 27 Va. App. at 65-66, 497 S.E.2d at 505 (formula that apportions the marital and non-marital components of hybrid property).

[4]$48,748.16 - $26,634.22 = $22,113.88.

retraced separate property was transmuted to marital property. Wife contends she contributed marital property and significant personal efforts that resulted in the substantial increase in value of the home by (1) applying her real estate acumen and persuading husband to purchase the home and (2) "fixing up" the home with new "carpet, paint, [and] wallpaper" purchased with marital funds.

## A.  Wife's Real Estate "Acumen"

At the commissioner's hearing, wife testified that she was "studying to be a realtor" when the parties purchased the marital home.  Wife testified that she determined that purchasing the house for $60,100 was a "good deal" and "felt like [the house] was worth maybe $79,000."  She encouraged husband to invest in the home using his $26,634.22 equity from the partition sale.  In this regard, wife contends that applying her "real estate knowledge and acumen" and urging husband to invest in the house were "significant" personal efforts that resulted in the immediate appreciation of the parties' $60,100 investment to $79,000, thereby proportionately increasing the value of husband's separate interest in the house.  Wife's argument fails for two reasons.

First, wife failed to prove that her real estate knowledge and efforts to persuade husband to acquire the property resulted in an increase in the value of husband's separate property.  See Code § 20-107.3(A)(3)(a)(ii).  The parties purchased the house

for $60,100 through a court-approved partition sale.  Wife offered no evidence as to the value of the property before or after the parties purchased the house.  She offered no appraisal, tax records, or proof of comparable sales to establish the value.  She offered no evidence that she had training or experience in real estate valuation, or that she was capable of appraising real estate or preparing a market study or comparison of sales to determine the fair market value of the property.  Wife's unsubstantiated assertion that she "felt" the house was worth $79,000 should be accorded no weight.  Other than her conclusory assertion that she had some real estate "acumen," wife offered no evidence to prove the property was more valuable than the price paid or that husband relied upon her "personal efforts" in investing in the property.  See Code § 20-107.3(A)(3)(a) ("personal efforts must . . . result in substantial appreciation" (emphasis added)).

Second, even if wife possessed "some real estate knowledge and 'acumen,'" her suggestion to purchase the property was not a contribution of a "significant personal effort" as required by Code § 20-107.3(A).  The statute contemplates a significant personal effort that substantially affects the value of property, not merely a joint decision that may have been influenced by one spouse.  "Significant" is defined as "having or likely to have influence or effect; deserving to be considered; important, weighty, notable."  Webster's Third New International Dictionary,

2116 (1981). Wife's efforts were not "significant" factors affecting the value of the property. Accepting her assertion and according it its greatest evidentiary value, the evidence proves nothing more than that she and her husband decided to purchase the property because she thought it would be a good investment. Moreover, her estimation that buying the house was a sound financial decision was not a "personal effort" as contemplated by the statute. She failed to prove that her "intellectual skill, creativity, or managerial, promotional or marketing activity [was] applied directly to the separate property." Code § 20-107.3(A)(3)(a) (defining "personal effort").

### B. Painting, Wallpapering, and Carpeting

Wife also contends the house appreciated in value from $79,000 on the date of purchase to $110,000 because she "fixed [it] up" over the course of the twelve-year marriage. She attributes none of the increase in value to a passive increase in market value but rather claims that the entire increase was due to her personal efforts. Wife testified that she was actively involved in painting, wallpapering, and installing carpet and that she expended $5,000 of marital funds to make such "improvements." She argues the substantial increase in value of the home, including husband's separate property interest, was attributable to contributions of marital property and her significant personal efforts in fixing up the home. We find no merit in her argument.

- 11 -

A party does not meet the burden of proving that "contributions of marital property . . . were made" by merely establishing that marital funds were expended for customary maintenance and upkeep of the property. The term "contribution of marital property" within the meaning of the statute contemplates an improvement, renovation, addition, or other contribution which, by its nature, imparts intrinsic value to the property and materially changes the character thereof. See Spindler v. Spindler, 558 N.W.2d 645, 650-51 (Wis. Ct. App. 1996). By contrast, although the customary care, maintenance, and upkeep of a residential home may preserve the value of the property, it generally does not add value to the home or alter its character and no evidence to the contrary was presented.

Here, wife's vague claim that over the years she expended $5,000 for paint, wallpaper, and carpet proved nothing more than that she used marital funds for the home's customary care, maintenance, and upkeep. She proved neither when the expenditures were made nor the amounts she spent for paint, wallpaper, or carpet. Although installing the carpet may, in some instances, be an addition or improvement that constitutes a "contribution of marital property," wife's evidence failed to prove when and the extent to which carpet was added, the amount of marital funds expended for the carpet, or that installing carpet significantly increased the value of the home, including husband's separate property interest. Accordingly, wife failed

to prove that "contributions of marital property . . . were made" to the marital home.

Wife further failed to prove that her personal efforts in fixing up the house were "significant" and "resulted in a substantial appreciation" of value to the home.  For personal labor contributed to property to be "significant" and to cause or result in a substantial increase in value, without proof to the contrary, the personal labor must amount to more than customary care, maintenance, and upkeep.  Wife's evidence that at some time during the twelve years of marriage she personally painted, wallpapered, and carpeted parts of the house does not prove a "significant" personal effort under the facts of this case. These activities constitute part of the customary maintenance and upkeep that homeowners typically perform in order to <u>preserve</u> the home's value; they do not by their nature <u>impart</u> value to the home.

There is no credible evidence in the record which supports a finding that wife's efforts in painting, wallpapering, or carpeting the home "resulted in [the] substantial appreciation" in the value of the house.  Wife's evidence consisted of the following statements:

        Q:   And you did the fixing up of the house;
        is that correct?

        A:   I bought the carpet, paint, the
        wallpaper, did the labors, yes.

        Q:   All of those things?

        A:   Yes.

> Q: And then, apparently, it increased through your efforts to $110,000?
>
> A: I feel like that is a fair price, yes.

As noted, wife had the initial burden to prove that her personal efforts "resulted" in the increase in value of the home. Wife's claim that her efforts in "fixing up the house" caused the home to appreciate in value from $79,000 to $110,000 is unsupported by the evidence and fails to meet her burden under the statute.

CONCLUSION

For the foregoing reasons, we hold that wife failed to meet her burden of proving that either contributions of marital property or significant personal efforts resulted in the increase in value of the marital residence, including husband's separate property interest. The trial court erred in failing to determine the increase in value of the husband's separate property and in classifying the total increase in value of the marital home as marital property. We hold that husband's separate property interest in the home is $48,748.16. The remaining $61,251.84 value in the marital home is marital property and must be allocated between the parties in accordance with the factors specified in Code § 20-107.3(E). Although the trial court previously allocated the marital share equally between the parties, the court did so after having erroneously found wife's customary efforts in the care, maintenance, and upkeep sufficiently "significant" to have caused the substantial increase in value. Notwithstanding wife's failure to meet her burden of proving that the increase in value of husband's separate property was transmuted to marital property, she is entitled to consideration under Code § 20-107.3(E)(2) in determining whether her "contributions, monetary and nonmonetary . . . [to the] care and maintenance of the marital property" preserved the value of the marital home. Accordingly, we reverse the trial court's decision and remand the case to the trial court

with directions to enter judgment for husband in the amount of $48,748.16 for his separate property interest and to reconsider its equitable distribution of the $61,251.84 marital share of the home in accordance with the Code § 20-107.3(E) factors.

<u>Reversed and remanded.</u>