COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bray and
          Senior Judge Overton[*]
Argued at Norfolk, Virginia


BETTY M. McPHERSON
                                        MEMORANDUM OPINION[**] BY
v.   Record No. 1022-98-1               JUDGE RICHARD S. BRAY
                                              MARCH 2, 1999
JOHN P. McPHERSON

JOHN P. McPHERSON

v.   Record No. 1037-98-1

BETTY M. McPHERSON


                FROM THE CIRCUIT COURT OF YORK COUNTY
                   N. Prentis Smiley, Jr., Judge

         Lawrence D. Diehl for Betty M. McPherson.

         Scott L. Reichle (Donald J. Reichle; Reichle &
         Reichle, P.C., on briefs), for John P.
         McPherson.


     The instant cause was initiated in the trial court by

Betty M. McPherson (wife), praying for a divorce and related

relief from John P. McPherson (husband).  The matter was referred

to a commissioner in chancery (commissioner), and an extensive

report was lodged with the court following several evidentiary

hearings.  Both parties excepted to specific findings and

---

[*]Judge Overton participated in the hearing and decision of
this case prior to the effective date of his retirement on
January 31, 1999 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401, recodifying Code
§ 17-116.01:1.

[**]Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

recommendations of the commissioner, <u>ore</u> <u>tenus</u> arguments were heard by the court and the final decree, which aggrieved both parties, was entered on April 8, 1998.

Wife complains on appeal that the court erroneously (1) classified her separate property, Bethel Manor Dairy Queen (Dairy Queen) and related realty, as hybrid property and incorrectly determined and valued the resulting separate and marital shares, (2) failed to classify Yorktown Industries (Yorktown) as marital property either by transmutation or agreement of the parties, and (3) fixed the monetary award. Husband, on cross-appeal, contends that the court improperly (1) awarded wife spousal support, (2) failed to hold wife accountable for waste of marital assets, (3) classified the "marital home," 226 Bacon Street (Bacon Street), as wife's separate property, (4) determined wife's separate property interests in Dairy Queen, (5) classified monies in certain business accounts of the parties, and (6) awarded wife a portion of her attorney's fees.

Finding substantial error in the court's classification and valuation of significant assets in issue, we reverse the decree and remand the proceedings. The parties are fully conversant with the voluminous record, and a recitation of the facts is unnecessary to this memorandum opinion.

Guided by familiar principles, we view [the] evidence and all reasonable inferences in the light most favorable to the prevailing party on an issue below. Although a decree based upon depositions is "'not as strong and conclusive as one based on

evidence heard ore tenus, [it] is presumed to be correct . . . [and] will not be reversed if . . . reasonably supported by substantial, competent and credible evidence.'" Martin v. Martin, 202 Va. 769, 773, 120 S.E.2d 471, 474 (1961) (citations omitted). Thus, we defer to the chancellor's "'resolution of the conflict in the equities'" in adjudicating equitable distribution and will disturb a decree only when the court has abused its discretion, departed from statutory mandate or acted without support in the evidence. Banagan v. Banagan, 17 Va. App. 321, 326, 437 S.E.2d 229, 231-32 (1993) (citation omitted). "[T]he burden is on him who seeks to overturn [a decree] to show that it is manifestly wrong." Canavos v. Canavos, 200 Va. 861, 866, 108 S.E.2d 359, 363 (1959).

I.

> There are three stages to making an equitable distribution of property. The court first must classify the property as either separate or marital. The court then must assign a value to the property based upon evidence presented by both parties. Finally, the court distributes the property to the parties, taking into consideration the factors presented in Code § 20-107.3(E).

Marion v. Marion, 11 Va. App. 659, 665, 401 S.E.2d 432, 436 (1991); see Code § 20-107.3.

Code § 20-107.3(A) defines both separate and marital property, expressly designating increases in the value of separate property during marriage as separate property, unless attributable either to marital property or substantial and resulting from the "significant" "personal efforts" of either

party.  Code § 20-107.3(A)(1).  Property appreciated by marital effort or assets becomes "part marital . . . and part separate," with the marital portion comprised of the marital contributions to enhancement.  Code § 20-107.3(A)(3); see Code § 20-107.3(A)(1).  The burden is upon the "nonowning spouse" to prove marital interest enhanced separate property, but, once established, the "owning spouse" must show that such increase is attributable neither to marital property nor effort.[1]  Code § 20-107.3(A)(3)(a).  Manifestly, whenever enhancement is the wealth in issue, the court cannot properly conduct a classification and value analysis without first ascertaining the amount of appreciation.  See, e.g., Martin v. Martin, 27 Va. App. 745, 501 S.E.2d 450 (1998); Rowe v. Rowe, 24 Va. App. 123, 480 S.E.2d 760 (1997); Decker v. Decker, 17 Va. App. 12, 435 S.E.2d 407 (1993).

Here, the record discloses neither the values of Dairy Queen and Bacon Street, wife's properties, nor the values of certain Yorktown assets, husband's holdings, at the time of marriage. Thus, the court's determination of marital and separate interests in these otherwise separate assets, together with attendant values, was unsupported by evidence and in error.  Further, the consideration of such findings in an equitable distribution

---

[1]Similarly, separate property commingled with marital property in a "newly acquired" asset may be saved from transmutation by tracing, with enhancements in value subject to like analysis.  Code § 20-107.3(A)(3)(e); see Martin v. Martin, 27 Va. App. 745, 751-52, 501 S.E.2d 450, 453 (1998).

analysis and award infected the entire adjudication and compounded the error.  See Code § 20-107.3(E).  Accordingly, we must reverse the disputed decree and remand the proceedings to the trial court for reclassification and revaluation of enhancements in the property interest of the parties and determination of an award guided by Code § 20-107.3 and this opinion.

## II.

We must now address several remaining issues on appeal which may arise on remand.

Relying upon an alleged oral "agreement to reconcile," wife claims a contractual one-half interest in Yorktown.  Assuming, without deciding, that such agreements are cognizable in divorce proceedings, "the same rules generally applicable to contracts control the issue" of validity.  Richardson v. Richardson, 10 Va. App. 391, 395, 392 S.E.2d 688, 690 (1990).  "To be valid and enforceable, the terms of an oral agreement must be reasonably certain, definite, and complete to enable the parties and the courts to give the agreement exact meaning."  Id. (citation omitted).  "[T]he proponent of [an] oral contract has the burden of proving all elements" of the contract.  Id. at 396, 392 S.E.2d at 690 (citation omitted).

The commissioner found no "meeting of the minds" or sufficient "proof . . . of such agreement," a finding specifically "sustained" by the court.  Our deferential review of the record reveals no definitive agreement between the parties as

a matter of law and we, therefore, decline to reverse the court's conclusion that wife's evidence failed to sufficiently prove a contract.

In addition to marital effort, husband claims certain direct monetary contributions to both the Bacon Street and Dairy Queen properties in support of his claim to a marital interest in these assets. However, the record is silent on any increased value of the properties resulting from such expenditures. "The term 'contribution of marital property' within the . . . statute contemplates an improvement, renovation, addition, or other contribution which, by its nature, imparts intrinsic value to the property and materially changes the character thereof." Martin, 27 Va. App. at 756, 501 S.E.2d at 455 (citation omitted). Evidence of cost does not sufficiently establish such value.[2] Id. at 756-57, 501 S.E.2d at 455-56.

Husband contends that wife wasted certain marital assets following separation "to pay for attorney's fees and other costs" without a full accounting. "However, expenditure of funds for items such as living expenses, support and attorney's fees, constitutes a valid purpose and is not dissipation . . . ." Decker, 17 Va. App. at 19, 435 S.E.2d at 412. The record supports the court's conclusion that wife's expenditures of the funds in issue did not constitute waste or dissipation, and this determination will not be disturbed on appeal.

---

[2]We defer to the court's assessment on remand of husband's other marital contributions to enhancement of these properties.

Husband next complains that the court considered certain marital cash on deposit in his "corporate business accounts," while excluding like monies held by wife in Dairy Queen.  The record indicates that this Yorktown asset was not included with other evidence of Yorktown's worth, while the total value of Dairy Queen was before the court as a recent sales price.  Such evidence supports the inference that the Dairy Queen cash account was included in that transaction and, therefore, also considered by the court.

Husband further argues that the court improperly awarded wife "lump sum spousal support."  In awarding spousal support, the court must consider numerous statutory factors, including the "provisions made with regard to the marital property under [Code] § 20-107.3."  Code § 20-107.1(E).  Because the disputed decree is reversed and remanded to the trial court on issues of equitable distribution, we must also reverse and remand the spousal support award for redetermination by the court under the circumstances then pertaining.

Lastly, husband complains that the trial court erroneously awarded wife $10,000 attorney's fees and costs, and both parties seek attorneys' fees incidental to these appeals.  It is well established that the award of attorney's fees rests with the sound discretion of the trial court and will not be disturbed on appeal, absent abuse of such discretion.  Rowand v. Rowand, 215 Va. 344, 346-47, 210 S.E.2d 149, 151 (1974).  Finding no error in this instance, we affirm the award to wife.  With respect to fees

arising from the respective appeals, we have determined, after review of the record and consideration of the issues and attendant circumstances, to deny an award to both parties.

Accordingly, we reverse the disputed decree and remand the cause to the trial court for reconsideration of the relevant issues before the court, together with such additional evidence as the court deems appropriate to a just adjudication consistent with statute and this opinion.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded.</u>