COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


ANTHONY CARL WOODSON
                                        MEMORANDUM OPINION*
v.    Record No. 1257-99-3                   PER CURIAM
                                         NOVEMBER 16, 1999
BERNADETTE ELIZA BANNISTER WOODSON


            FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                     Ray W. Grubbs, Judge

         (Anthony Carl Woodson, pro se, on briefs).

         (William C. Maxwell; Jolly, Place, Fralin &
         Prillaman, P.C., on brief), for appellee.


     Anthony Carl Woodson (husband) appeals from the final decree

of divorce entered by the Montgomery County Circuit Court (trial

court).  Husband contends that the trial court (1) erred by

denying him a fair and impartial trial; (2) erred by granting

Bernadette Eliza Bannister Woodson (wife) a divorce based upon the

parties' separation for more than six months; (3) abused its

discretion in entering the pendente lite support order; (4) abused

its discretion in awarding excessive temporary and permanent

spousal support; (5) erred in granting wife an excessive

percentage of his police pension; (6) erred in finding that the

parties had amicably divided all marital personal property; and

(7) erred by setting the spousal support arrearage husband owed

_____
     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

where husband had declared bankruptcy, and by not coordinating the arrearage issue with the bankruptcy court. Wife contends that the appeal should be dismissed based on husband's failure to comply with Rule 5A:8. Upon reviewing the record and the briefs, we find the record inadequate to address issues three, four and seven and dismiss those issues. We conclude that issues one, two, five and six are without merit and summarily affirm the decision of the trial court. See Rule 5A:27.

Wife filed her bill of complaint for divorce on April 10, 1996. Following a May 30, 1996 hearing, and without objection from husband, the trial court entered an order setting the amount of temporary spousal support husband was to pay wife. On September 11, 1997, the trial court entered an order setting husband's spousal support arrearage at $16,839.18. Counsel for husband signed the order "Seen and objected to - The payment of arrears is subject to, and contingent upon, the approval of the Bankruptcy Court referenced in paragraph #1 above."

On March 4, 1999, after appellant relocated to South Carolina, the trial court entered an order relieving husband's attorney, and ordering that, in the future, all service upon husband would be by first class United States mail to husband's South Carolina address.

-

On March 31, 1999, following an <u>ore</u> <u>tenus</u> hearing that husband did not attend,[1] the trial court entered an amended order setting husband's spousal support arrearage at $19,829.81. The trial court waived the necessity of husband's signature on the order, pursuant to Rule 1:13.

On April 8, 1999, wife sent husband a notice to take depositions, which were conducted on April 23, 1999. Husband did not appear for the depositions. On May 5, 1999, wife submitted a final decree of divorce to the trial court, which the court signed on May 12, 1999.

Husband concedes that he received a copy of the decree on May 21, 1999. He did not file any objection to the decree with the trial court, but instead, on June 3, 1999, filed a notice of appeal. Husband mailed a statement of facts to the trial court on July 27, 1999, but because he sent it to the wrong address, the statement was not filed with the clerk's office until August 10, 1999.

The procedures for preparing a written statement of facts for the appellate record are governed by Rule 5A:8. <u>See</u> <u>Mayhood</u> <u>v. Mayhood</u>, 4 Va. App. 365, 368-69, 358 S.E.2d 182, 184 (1987). Rule 5A:8(c)(1) requires that the statement of facts be filed in the office of the clerk of the trial court within fifty-five

---

[1] A copy of the notice for the hearing, which was held on March 4, 1999, was mailed to husband's attorney on February 4, 1999.

days of entry of the final order of judgment.  This Court has established a firm policy concerning the filing of transcripts and statements of facts:

> "If . . . the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript a part of the record on appeal must be strictly adhered to.  This Court has no authority to make exceptions to the filing requirements set out in the Rules."

Anderson v. Commonwealth, 13 Va. App. 506, 508, 413 S.E.2d 75, 77 (1992) (quoting Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986)).

"If we determine that the [statement of facts] is indispensable and is not a part of the record before us for review, we must dismiss the appeal on the ground that the record on appeal is insufficient to fairly and accurately determine the issues presented."  Turner, 2 Va. App. at 99, 341 S.E.2d at 402.

The trial court entered the final decree on May 12, 1999. Thus, the statement of facts had to be filed in the trial court's clerk's office no later than July 6, 1999.  Husband failed, therefore, to comply with Rule 5A:8(c).  Moreover, because husband seeks to invoke the ends of justice exception to Rule 5A:18, and because what transpired at the hearings pertaining to temporary spousal support and the subsequent spousal support arrearages might be relevant to such a determination, we conclude that the record is insufficient to address issues three, four and seven.

-

We conclude, however, that the statement of facts is not indispensable to adjudicating the remaining issues husband raises on appeal. No hearing was held in connection with the entry of the final decree, and the evidence relied upon in entering the decree was in the form of depositions, which are contained in the record.

"We will not consider for the first time on appeal an issue that was not preserved in the trial court." Martin v. Martin, 27 Va. App. 745, 752, 501 S.E.2d 450, 453 (1998). See Rule 5A:18.

Husband concedes that he did not preserve in the trial court any of the issues he now seeks to raise on appeal. Instead of seeking to convince the trial court to set aside the final decree, husband elected to by-pass that court and file his notice of appeal. Thus, Rule 5A:18 bars our consideration of issues one, two, five and six. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Accordingly, the judgment of the trial court is summarily affirmed.

Affirmed in part and dismissed in part.

-