COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Annunziata and Humphreys
Argued by telephone conference


CATHERINE ANN STARK

MEMORANDUM OPINION* BY
v.    Record No. 1568-00-2       JUDGE JAMES W. BENTON, JR.
                                      JUNE 26, 2001
DENNIS NEIL RANKINS


FROM THE CIRCUIT COURT OF HENRICO COUNTY
George F. Tidey, Judge

Matthew N. Ott for appellant.

Steven S. Biss for appellee.


This appeal arises in a divorce proceeding from an order determining a distribution of the property of Catherine Ann Stark and her husband, Dennis Neil Rankins. Stark and Rankins challenge several aspects of that distribution. We affirm the trial judge's ruling, in part, and reverse, in part.

I.

In the decree dissolving the marriage, the trial judge found that Stark and Rankins were married on September 4, 1983 and last cohabitated as husband and wife on July 16, 1998. The trial judge granted a divorce on the grounds that Stark had "wilfully and constructively deserted [Rankins]."

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

A letter opinion contained the trial judge's findings that the fair market value of the jointly-owned marital home was $370,000. The home had liens in the amount of $195,000 and equity of $175,000. Based on testimony that Stark contributed $20,000 of money inherited from her grandmother as a part of the down payment to purchase the home, the trial judge found that Stark's contribution was separate property. After Stark challenged the trial judge's failure to award her the appreciated value of the $20,000, the judge found further that "any increase in value of the $20,000 [was] a gift [by Stark] to the family."

During the evidentiary hearing, Rankins testified that his architectural business was dissolved in September 1999 and had no value. In the letter opinion, the trial judge found that the business had no value.

In the order determining the distribution of property, the trial judge awarded to Rankins the marital home, his retirement account, two automobiles, miscellaneous accounts, and various other personal property. He also ordered Rankins to pay Stark $68,000, which included $20,000 of separate property that Stark contributed to the initial purchase of the marital home. The judge awarded to Stark her retirement account, an automobile, miscellaneous accounts, and her bank account, which contained $4,100 at the date of separation.

## II.

Initially, we note that Rankins does not identify any objection that he made at trial to the issues he now asserts on cross-appeal. He contends the trial judge erred (1) in finding that $20,000 of the purchase price of the marital residence was Stark's separate property, (2) by including $20,000 in separate property in the net equity of the residence and using that same amount again in calculating the payment Rankins was to make to Stark, and (3) in finding no marital property existed in a condominium Stark purchased after their separation.

Rankins' attorney endorsed the final order with the word "seen." We have clearly held that "endorsing a decree 'seen and objected to' does not preserve an issue for appeal unless the record further reveals that the issue was properly raised for consideration by the trial court." Twardy v. Twardy, 14 Va. App. 651, 657, 419 S.E.2d 848, 851 (1992) (en banc). We find no indication in the record that Rankins stated an objection at trial to any of these issues. We will not address an issue on appeal when no objection was made at trial. Rule 5A:18.

## III.

Stark contends the trial judge erred by failing to attribute passive appreciation to her separate contribution to the purchase of the marital residence. She also contends that the trial judge erred by ruling "that any increase in value of the $20,000 [w]as a gift to the family." We agree.

-

In pertinent part, Code § 20-107.3(A)(1) provides that "[t]he increase in value of separate property during the marriage is separate property, unless marital property or the personal efforts of either party have contributed to such increases and then only to the extent of the increases in value attributable to such contributions."  Read as a whole, subsection (A) of the statute contains a "presumption that the increase in value of the separate property is separate."  Martin v. Martin, 27 Va. App. 745, 753, 501 S.E.2d 450, 454 (1998). Moreover, we have held that the trial judge has a duty "to determine the extent to which [a spouse's] separate property interest in the home increased in value during the . . . marriage."  Id. at 752, 501 S.E.2d at 453.

In Martin, we applied the "Brandenburg formula," first approved in Hart v. Hart, 27 Va. App. 46, 497 S.E.2d 496 (1998), to calculate a husband's proper share of a marital home.  See Martin, 27 Va. App. at 753, 501 S.E.2d at 454.  The husband had used $26,634.22 of separate property to purchase a marital home worth $60,100.  At the time of distribution, the home had a value of $110,000.  We held that the husband's separate property interest in the home was $26,634.22, plus $22,113.88 of passive appreciation.  Id. at 753 n.3 and 4, 501 S.E.2d at 454 n.3 and 4.

Although we did not hold in Martin that the Brandenburg formula was the exclusive method to resolve this question, the

-

facts of this case are similar enough that the formula is appropriate here as well. The formula is: Nonmarital contribution divided by total contribution multiplied by equity equals the total nonmarital property including both the initial contribution and the appreciation. <u>Hart</u>, 27 Va. App. at 65, 497 S.E.2d at 505. In this case, the trial judge did not make findings as to all of these values. Clearly, Stark's nonmarital contribution was $20,000 and the total equity in the home is now $175,000. Stark appears to have argued at the trial level that the initial down payment for the purchase of the home was $55,000, including the $20,000 from Stark and $35,000 which Rankins borrowed and then repaid with marital funds. The judge made no finding, however, that this amount was the total that the couple had contributed towards the purchase of the home over the course of the marriage. Therefore, we reverse this decision and remand for a factual finding as to the values necessary for a Brandenburg calculation, including the total contribution of the parties towards the purchase of the home.

The trial judge also found that the appreciation in the value of separate contribution was a gift to the family. No evidence supports this finding, and certainly insufficient evidence existed to overcome a presumption that the separate property remained separate. Therefore, we hold that the judge erred in not awarding to the wife the appreciation in her separate contribution to the marital home.

-

IV.

Stark also contends that the trial judge erred in finding that the husband's business had no value.  She argues that the evidence demonstrated that the business had "retained earnings" of roughly $37,000 when the husband's partner left the enterprise in August 1999.

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).  Rankins testified that the business had a bank account he used to pay bills and that a document finalizing the business arrangement with his partner showed "retained earnings" of $37,500.  He further testified, however, that that amount "would be shared.  It's in the company.  I have no $37,000 . . . .  It would have been in the company account if anywhere . . . and what we had to do was bring every account we had up to that date [when the partner left] including payables . . . and try to come up with a split that was equitable."

The trial judge was free to believe the husband's testimony that the business had no value.  Furthermore, the evidence that the husband had control over the $37,000 in retained earnings is hardly conclusive.  Rankins testified that the money belonged to the company and that his business partner had an equal interest in that money at dissolution and, furthermore, that this amount

-

was used to pay creditors of the business.  On this record, we cannot say that the judge erred in finding that the business had no value.

V.

Stark further contends the trial judge erred in his allocation to her of $4,100 that was in her bank account.  She maintains that she used this money for living expenses between the time of separation and the time of the distribution award and that the trial judge should not have determined the value of the account as of the former date.  In addition, she contends the judge erred in determining the value of a brokerage account.

We find no indication, however, that Stark objected to these rulings on the order distributing the property.  We also can find no objection anywhere else in the record.  Therefore, we will not consider these issues on appeal.  Rule 5A:18.

For these reasons, we affirm in part, reverse in part, and remand for entry of an order consistent with this opinion.

<u>Affirmed in part, reversed in part, and remanded</u>.

-