COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, McClanahan and Senior Judge Willis

CATHERINE BUDZYN, F/K/A
  CATHERINE JOHNSON,

                                                          MEMORANDUM OPINION*
v.      Record No. 2700-07-1                              PER CURIAM
                                                          JUNE 24, 2008
GARY JOHNSON


                    FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                                    Jerome James, Judge

            (Leonard D. Levine; Childress, Flax, Levine, on briefs), for
            appellant.

            (Darrell M. Harding; Dannielle C. Hall-McIvor; Law Office of
            Darrell Harding; Kaufman & Canoles, on brief), for appellee.


        Catherine Budzyn, f/k/a Catherine Johnson (wife) appeals the trial court's determination that

certain real estate was marital property and its award of a share of the proceeds from the sale of such

real estate to her former spouse, Gary Johnson (husband). Upon reviewing the record and briefs of

the parties, we conclude this appeal is without merit. Accordingly, we summarily affirm the

decision of the trial court. Rule 5A:27.

                                              Background

        The parties married on May 16, 1997. The property in dispute, located at 1214 Pineview

Avenue in Norfolk, Virginia, was acquired by wife on March 29, 2002 and titled solely in her name.

Prior to the parties' marriage, wife owned real estate in her maiden name on Kalmia Avenue and

Futura Avenue in Richmond, Virginia. The parties agree that husband performed substantial

renovation work on both of the Richmond properties. The parties rented the Futura property and

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

moved to the Kalmia property prior to their marriage. With respect to both the Futura and Kalmia properties, husband also made an unspecified number of mortgage payments.

Following the execution of a property settlement agreement, the parties separated on May 14, 1999. During the separation, wife sold the Kalmia property, but acknowledged any profit realized from the sale was "minimal."[1] In October 1999, wife purchased property on Tanglewood Drive in West Virginia at a foreclosure sale. Wife made a $1,000 down payment and titled the Tanglewood property solely in her name.

Following wife's move to West Virginia, husband visited her and performed repairs on the Tanglewood property. Husband stayed overnight at the Tanglewood property and resumed sexual relations with wife. Husband resided in Georgia while wife was in West Virginia, but returned to Virginia in late 2001 or early 2002 to the Futura property. Husband moved into the Futura property because the tenants had "tor[n] up the house," and it needed repairs in preparation for its sale. During this time, wife drove to Richmond from West Virginia and spent the weekends with husband while they looked for a new home in Norfolk. By this time, the parties had decided to reconcile.

As with the Tanglewood property, wife purchased the Pineview property in foreclosure. The Tanglewood property sale yielded a profit of $20,000, and wife used $8,400 of this amount to purchase the Pineview property for $84,000. Wife's name alone appeared on the title and the mortgage note.

Wife closed on the Pineview property purchase in late March 2002. Husband moved in prior to wife and began making repairs. Husband replaced the bathroom floor and bathroom fixtures, upgraded the electrical system, and replaced wiring, light fixtures, and ceiling fans. He

---

[1] Wife testified she had no settlement statement for the sale of the Kalmia property. When asked if the sale yielded a profit, she stated, "I would not think so. If so, very minimal. A couple thousand maybe."

refinished the floors and performed miscellaneous painting on the interior and exterior, as well as the storage shed. In addition, husband cleaned the air conditioner, air handler, ductwork, and the drain from the house to the street. He also reseeded the yard, trimmed tree limbs, and installed gutter guards. As with wife's previous properties, husband also contributed to the mortgage. Husband produced checks reflecting a total of $30,528.68 in mortgage payments. These payments accounted for all but six of the mortgage payments on the property.

On June 7, 2006, husband filed for divorce. On August 21, 2006, wife sold the Pineview property for $181,000. The net gain from the sale was $94,224.42. Pursuant to court order, wife placed approximately one-half of the proceeds, $47,125.49, in escrow pending the trial court's determination of husband's share.

The trial court determined the Pineview property was marital property and awarded husband the escrowed funds. The trial court ruled that the Pineview property was marital property because it had not been "maintained" as separate property, reasoning as follows:

> This property has never been maintained as separate property. . . . It was originally purchased to allow the parties to live together as husband and wife after they decided to reconcile, and as usual[,] it was deeded and titled solely in the name of the defendant, Catherine Johnson.
>
> All conduct subsequent to the parties' decision to make the Pineview property the marital home point to the parties living together just like they did prior to the separation, i.e., the defendant buys the property in her name and the complainant makes substantial repairs. Nothing really has changed.
>
> It is very difficult and awkward for the court to believe the defendant's argument that the property is her separate property simply because, quote, she made the down payment and had it titled in her name, end of quote.
>
> The blatant inequity in this argument . . . is illustrated by the following: Complainant, Gary Johnson, actually put more money into the property than the defendant, Catherine Johnson, did. In other words, she put the $8,000 down payment into the property; and as stated earlier, he paid $30,528.68. The court can

only come to the conclusion from this graphic evidence that you obviously don't intend property to be separate if you don't at a minimum pay the mortgage on the property during the marriage from separate funds . . . .

\* \* \* \* \* \* \*

So, in conclusion, regardless of whether the court makes a determination that the Tanglewood [sic] property was purchased with separate funds, if the court makes that determination, in order for – or since the Tanglewood [sic] property was purchased prior to the final separation and during the marriage, in order for it to maintain its separate identity, then it would have to be maintained as separate property. There is no evidence to support that.

\* \* \* \* \* \* \*

So both roads, regardless of which you take . . . will lead you to the same legal equitable distribution designation, and that designation or conclusion is that the Pineview property is subject to equitable distribution. It was not maintained as separate property.

The complainant, Gary Johnson, is entitled to his marital share . . . .

Analysis

The classification of property is a question of fact, and the trial court's ruling will not be disturbed on appeal unless plainly wrong or without evidence to support it. Ranney v. Ranney, 45 Va. App. 17, 31-32, 608 S.E.2d 485, 492 (2005). "'[I]n reviewing an equitable distribution award, we rely heavily on the trial judge's discretion in weighing the particular circumstances of each case. Only under exceptional circumstances will we interfere with the exercise of the trial judge's discretion.'" Gamble v. Gamble, 14 Va. App. 558, 573, 421 S.E.2d 635, 644 (1992) (quoting Aster v. Gross, 7 Va. App. 1, 8, 371 S.E.2d 833, 837 (1988)).

"Property acquired during the marriage is presumptively marital property, unless shown to be separate property." Ranney, 45 Va. App. at 33, 608 S.E.2d at 492. "The party claiming that property acquired during the marriage is separate property bears the burden of rebutting this presumption." Courembis v. Courembis, 43 Va. App. 18, 34, 595 S.E.2d 505, 513 (2004).

- 4 -

While wife acknowledges that property acquired during the marriage is presumptively marital, she contends she rebutted this presumption by proving that the Pineview property was "acquired" with separate property, i.e., the sale of the Tanglewood property. She cites Code § 20-107.3(A)(1), which provides that "separate property" includes "all property acquired during the marriage in exchange for or from the proceeds of sale of separate property, provided that such property acquired during the marriage is maintained as separate property," and "that part of any property classified as separate pursuant to subdivision A 3."

"Property which is initially separate may become marital property either by express agreement, or by the manner in which it is maintained." McDavid v. McDavid, 19 Va. App. 406, 410-11, 451 S.E.2d 713, 716 (1994) (citations omitted). "Great consideration should be given to the actions, or non-action, of the parties with regard to exercising control over the property in question." Stainback v. Stainback, 11 Va. App. 13, 21, 396 S.E.2d 686, 691 (1990). "[W]hen evidence of intent to relinquish all present and future dominion over the property so as to remove it from the marital estate is lacking, the presumption of Code § 20-107.3(A)(2) that property acquired by either spouse during a marriage is marital remains unrebutted." Kelln v. Kelln, 30 Va. App. 113, 124, 515 S.E.2d 789, 794 (1999) (citations omitted).

As the trial court noted in its findings, the evidence established that the Pineview property was purchased to be the parties' marital home, that husband made substantial improvements to the property, and that he contributed all but six of the mortgage payments.

As the trial court's decision was not based upon whether the appreciated value of the Pineview property was attributable to husband's efforts, but rather, whether the property was "maintained" as separate property, the cases cited by wife regarding the increased value of separate property are inapposite. See Wiese v. Wiese, 46 Va. App. 399, 617 S.E.2d 427 (2005);

<u>Hart v. Hart</u>, 35 Va. App. 221, 544 S.E.2d 366 (2001); <u>Moran v. Moran</u>, 29 Va. App. 408, 512 S.E.2d 834 (1999); <u>Martin v. Martin</u>, 27 Va. App. 745, 501 S.E.2d 450 (1998).

Based upon this record, we cannot say the trial court's finding that the Pineview residence was maintained as marital property was plainly wrong. The property was purchased as the couple's marital home during the marriage, and husband made "substantial" repairs to the property as well as contributing over $30,000 in mortgage payments.

Accordingly, the judgment of the trial court is summarily affirmed.

<u>Affirmed.</u>