COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumgardner


MOHAMMED HOSSEIN RANJBAR

                                                    MEMORANDUM OPINION[*]
v.       Record No. 2675-10-2                              PER CURIAM
                                                       OCTOBER 4, 2011
MARIA ZEGARRA RANJBAR


                    FROM THE CIRCUIT COURT OF HENRICO COUNTY
                              Gary A. Hicks, Judge

            (Mohammed Hossein Ranjbar, *pro se*, on briefs).  Appellant
            submitting on briefs.

            (Jose E. Aponte; Bain-Sheldon, PLC, on brief), for appellee.
            Appellee submitting on brief.


       Mohammed Hossein Ranjbar (husband) appeals an equitable distribution and spousal

support award.  Husband argues that the trial court erred by (1) ruling that the parties' marital

residence was marital property and awarding forty-five percent of the equity to wife; (2) finding that

withdrawals from husband's deferred compensation retirement account plan were waste; (3) finding

that $18,546 worth of gold jewelry, in the possession of Maria Zegarra Ranjbar (wife), was marital

property; and (4) ordering husband to pay spousal support to wife.  Upon reviewing the record and

briefs of the parties, we affirm the trial court's decision in part, reverse in part, and remand this case

to the trial court for further proceedings consistent with this opinion.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties married on April 3, 1988, separated on October 14, 2008, and divorced on January 31, 2011.

In 1985, husband purchased a home with cash, carrying no mortgage. When the parties married in 1988, they lived in husband's house ("the marital residence"). Both parties contributed non-monetarily to the daily household tasks, but neither made any financial contributions to the improvement of the marital residence. After hearing the evidence and argument of the parties, the trial court found that the marital residence was hybrid property and awarded wife forty-five percent of the equity.

Starting in 1989, husband worked for the City of Richmond and earned retirement through a deferred compensation retirement account. In 2000, husband retired because he suffered from severe depression. After the separation, he withdrew all of the funds from his deferred compensation retirement account and testified that he used the money to pay for medical bills. The trial court found that husband committed waste by dissipating the funds in the account.

From 2003 to 2005, wife started a gift shop business, and through that business she sold a variety of items, including gold jewelry. Wife used her credit cards and received cash advances to purchase items for the gift shop. Husband testified that during the marriage, he paid off her credit card debt using his separate funds. When the business closed, wife kept the gold jewelry that did not sell. At the time of the trial, the jewelry was valued at $18,546 and was in wife's possession. The trial court held that the jewelry was marital property, and awarded it to wife as a setoff against the retirement funds that husband dissipated.

At trial, wife argued that she needed spousal support. During the marriage, wife periodically worked part-time at various establishments, including daycare providers and retailers, but she was no longer doing so at the time of the final hearing. Her only source of income was from a jewelry business that she had where she made and sold costume jewelry. Husband received approximately $17,000 per year in disability pay and was unable to work due to depression and anxiety. The trial court found that wife proved her need for spousal support and awarded wife $475 per month in spousal support. The trial court cited the length of the parties' marriage and their equal contributions to the home and the family as the reasons for the spousal support award.

The trial court issued an opinion letter dated November 23, 2010 and entered the final decree on January 31, 2011. Husband filed motions to reconsider, which the trial court denied.[1] This appeal followed.

ANALYSIS

I. Equitable Distribution

On appeal, "decisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990)).

---

[1] After the issuance of the trial court's opinion letter, husband filed a motion to reconsider, which the trial court received on December 9, 2010. The trial court denied this motion to reconsider by order entered January 31, 2011. Husband filed a subsequent motion to reconsider and a document titled, "Briefing of the Trial Court on Final Decree of Date January 31, 2011," which the trial court denied by orders entered March 7, 2011 and March 8, 2011. The March orders were entered more than twenty-one days after the entry of the final decree and subsequent to the time period in which the trial court had jurisdiction to consider the motions. Rule 1:1.

A.  Marital residence

Husband argues that the trial court erred in holding that the marital residence was hybrid property and awarding wife forty-five percent of the equity.  We agree.

The evidence proved that husband purchased the marital residence, in his name alone, prior to the marriage.  "'[P]roperty acquired before marriage is presumed to be separate.'"  Duva v. Duva, 55 Va. App. 286, 297, 685 S.E.2d 842, 848 (2009) (quoting Robinson v. Robinson, 46 Va. App. 652, 662, 621 S.E.2d 147, 152 (2005)).

However, separate property can be transmuted into hybrid property.

> In the case of the increase in value of separate property during the marriage, such increase in value shall be marital property only to the extent that marital property or the personal efforts of either party have contributed to such increases, provided that any such personal efforts must be significant and result in substantial appreciation of the separate property.
>
> For purposes of this subdivision, the nonowning spouse shall bear the burden of proving that (i) contributions of marital property or personal effort were made and (ii) the separate property increased in value.  Once this burden of proof is met, the owning spouse shall bear the burden of proving that the increase in value or some portion thereof was not caused by contributions of marital property or personal effort.
>
> "Personal effort" of a party shall be deemed to be labor, effort, inventiveness, physical or intellectual skill, creativity, or managerial, promotional or marketing activity applied directly to the separate property of either party.

Code § 20-107.3(A)(3)(a).

Here, the trial court ruled that the marital residence was transmuted into hybrid property.  It explained that the marital residence "was first acquired by Husband in 1985.  The parties married in 1988 and have remained in the property.  Payments for the home, particularly after Husband got his employment with the City of Richmond, were made with marital funds."  The evidence before the trial court was that husband paid for the home in full before the marriage, and the

increase in value of the marital residence was due to passive appreciation because the parties made no improvements to the home.

In order to show her contributions to the marital residence, wife testified that she maintained the home, cleaned the home, and bought supplies for the home. However, "[c]ustomary maintenance and upkeep" is insufficient to prove significant personal efforts by the parties to transmute property from separate property to marital property. Martin v. Martin, 27 Va. App. 745, 757, 501 S.E.2d 450, 456 (1998).

The value of the marital residence did not increase from the parties' significant personal efforts or contributions from marital property. Code § 20-107.3(A)(3)(a). The marital residence maintained its classification as husband's separate property and was not transmuted into hybrid property.

Accordingly, we reverse the trial court's ruling that the marital residence was hybrid property and its award of forty-five percent of the equity to wife and remand the issue of the equitable distribution of the marital residence to the trial court.

### B. Retirement account

Husband argues that the trial court erred in holding that he dissipated the funds in his deferred compensation retirement account. Husband, however, did not make this argument to the trial court until his second motion to reconsider and brief, which were not addressed within the twenty-one days after the entry of the final decree. See Rule 1:1. The trial court no longer had jurisdiction to consider husband's argument regarding waste and dissipation.

The Court of Appeals will not consider a claim of trial court error as a ground for reversal "where no timely objection was made, except to attain the ends of justice." Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998) (citing Rule 5A:18).

Furthermore, we "will not consider an argument on appeal which was not [timely] presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

Since husband did not timely present his argument to the trial court, we will not consider it on appeal.

## II. Rule 5A:20(e)

Husband argues that the trial court erred in ruling that the gold jewelry was marital property and awarding it to wife as a setoff against the deferred compensation retirement account. Husband contends wife used her credit cards to purchase the gold jewelry and he loaned her $60,000 to pay the bills. Husband testified that the $60,000 came from his separate funds, and he wanted wife to pay him back.

In addition, husband argues that the trial court erred in awarding spousal support to wife because he cannot afford to pay her spousal support.

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Husband did not comply with Rule 5A:20(e) because his opening brief does not contain any principles of law, or citation to legal authorities, or the record to fully develop his arguments.

Husband has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988)

(*en banc*).  "Even *pro se* litigants must comply with the rules of court."  <u>Francis v. Francis</u>, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

We find that husband's failure to comply with Rule 5A:20(e) is significant, so we will not consider the issues regarding the gold jewelry and spousal support.  <u>See</u> <u>Fadness v. Fadness</u>, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); <u>Parks v. Parks</u>, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

CONCLUSION

For the reasons discussed above, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

<u>Affirmed in part,</u><br><u>reversed in part,</u><br><u>and remanded.</u>