COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Humphreys
Argued at Salem, Virginia


GEORGE NICHOLAS PACOT, III

                                          MEMORANDUM OPINION[*] BY
v.        Record No. 0642-11-3            JUDGE ROBERT J. HUMPHREYS
                                          NOVEMBER 15, 2011

VICKIE YEATTS PACOT


                FROM THE CIRCUIT COURT OF BEDFORD COUNTY
                        James W. Updike, Jr., Judge

          Sidney H. Kirstein for appellant.

          Jennifer E. Stille (John J. O'Keeffe, Jr.; O'Keeffe & Spies, on brief),
          for appellee.


      George Nicholas Pacot, III ("husband"), appeals from a final decree of divorce ("decree")

entered in the Circuit Court for the County of Bedford ("circuit court") on February 25, 2011.

Husband specifically alleges (1) the circuit court erred in ruling Vickie Pacot ("wife") proved at

trial that husband's company, Pacot Builders ("the company"), was transmuted into a hybrid

entity by virtue of husband's personal efforts or that any such efforts served to increase the value

of the company, (2) assuming arguendo the company is hybrid property, the circuit court erred

by failing to apportion any part of the current value of the company to husband as his separate

portion, and (3) the circuit court erred in failing to deduct $212,000 of undisputed mortgage

debts of the company in determining its current net value for purposes of equitable distribution.

---

      [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Because we agree wife failed to prove husband's company is hybrid property, we reverse the circuit court's equitable distribution award to wife, and we remand for further proceedings consistent with this opinion. We need not address husband's other assignments of error.

I. Analysis

Husband contends on appeal that the circuit court erred in finding husband's company was transmuted into a hybrid entity by virtue of the personal efforts of husband and that there was an increase in value of the company related to those efforts. We agree with husband.

Code § 20-107.3(A) provides in relevant part that

> [u]pon decreeing the dissolution of a marriage . . . the court, upon request of either party, (i) shall determine the legal title as between the parties, and the ownership and value of all property, real or personal, tangible or intangible, of the parties and shall consider which of such property is separate property, which is marital property, and which is part separate and part marital property . . . .

"In reviewing an equitable distribution award on appeal, we have recognized that the trial court's job is a difficult one, and we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case." Klein v. Klein, 11 Va. App. 155, 161, 396 S.E.2d 866, 870 (1990) (citing Artis v. Artis, 4 Va. App. 132, 137, 354 S.E.2d 812, 815 (1987)). Moreover, since "[t]he trial court's classification of property as marital or separate is a factual finding . . . that classification will be reversed on appeal only if it is 'plainly wrong or without evidence to support it.'" Duva v. Duva, 55 Va. App. 286, 293, 685 S.E.2d 842, 846 (2009) (quoting Ranney v. Ranney, 45 Va. App. 17, 31-32, 608 S.E.2d 485, 492 (2005)).

"Marital property is all property titled in the names of both parties and all other property acquired by each party during the marriage which is not separate property . . . ." Id. (citing Code § 20-107.3(A)(2) ("All property . . . acquired by either spouse during the marriage, and before

the last separation of the parties . . . is presumed to be marital property in the absence of satisfactory evidence that it is separate property.")).  Conversely,

> Separate property is (i) all property, real and personal, acquired by either party before the marriage; (ii) all property acquired during the marriage by bequest, devise, descent, survivorship or gift from a source other than the other party; (iii) all property acquired during the marriage in exchange for or from the proceeds of sale of separate property, provided that such property acquired during the marriage is maintained as separate property; and (iv) that part of any property classified as separate pursuant to subdivision A 3
> . . . .

Code § 20-107.3(A)(1).  Hybrid property is property that is part marital and part separate.  See Rahbaran v. Rahbaran, 26 Va. App. 195, 206, 494 S.E.2d 135, 140 (1997).

"One acquires property either as separate or marital."  Duva, 55 Va. App. at 297, 685 S.E.2d at 848.  We, thus, "begin with the premise that 'property acquired during the marriage is presumed to be marital and property acquired before marriage is presumed to be separate.'"  Id. (quoting Robinson v. Robinson, 46 Va. App. 652, 662, 621 S.E.2d 147, 152 (2005)).  "Any analysis of hybrid property must begin with these presumptions."  Id.  In this case, husband's company was acquired before the marriage.  It is, thus, presumed to be husband's separate property.  Nevertheless, we note,

> [i]n the case of the *increase in value* of separate property during the marriage, such increase in value shall be marital property only to the extent that marital property or the personal efforts of either party have contributed to such increases, provided that any such personal efforts must be significant and result in *substantial appreciation of the separate property*.

Code § 20-107.3(A)(3)(a) (emphasis added).  In such case, "the nonowning spouse shall bear the burden of proving that (i) contributions of marital property or personal effort were made and (ii) the separate property increased in value."  Id.  That is,

> The increase in value of separate property during the marriage is separate property, unless marital property or the personal efforts of either party have contributed to such increases and then only to the

> extent of the increases in value attributable to such contributions. The personal efforts of either party must be significant and result in substantial appreciation of the separate property if any increase in value attributable thereto is to be considered marital property.

Code § 20-107.3(A)(1). "'Personal effort' of a party shall be deemed to be labor, effort, inventiveness, physical or intellectual skill, creativity, or managerial, promotional or marketing activity applied directly to the separate property of either party." Code § 20-107.3(A)(3)(a).

Notably, the significant factor in determining whether a spouse's personal efforts served to increase the value of an asset "is not the amount of effort or funds expended [on the asset], but rather the fact that value was generated or added [to the asset] by the expenditure or significant personal effort" of either spouse. Gilman v. Gilman, 32 Va. App. 104, 120, 526 S.E.2d 763, 771 (2000) (citing Moran v. Moran, 29 Va. App. 408, 412, 512 S.E.2d 834, 836 (1999)). In other words, "[t]he non-owning spouse has the burden of proving that the contribution of personal effort *caused* [an] increase in value." Id. (emphasis in original) (citing Martin v. Martin, 27 Va. App. 745, 751, 501 S.E.2d 450, 453 (1998) *(*en banc)). "'To the extent the non-owning spouse claims that the increase in value was attributable to personal efforts, the non-owning spouse must prove that the personal efforts were 'significant' and resulted in 'substantial appreciation' of the owning spouse's separate property interest." Id. at 120-21, 526 S.E.2d at 771 (quoting Martin, 27 Va. App. at 751, 501 S.E.2d at 453).

In this case, husband incorporated the company in 1986, prior to the marriage. It was, therefore, husband's separate property at the time of the marriage in 1993. Thus, in order to carry her burden of proving that the company was hybrid property, wife, as the non-owning spouse, was required to prove husband's company substantially increased in value during the marriage. Wife, however, failed to present any evidence of the value of the company at the time of the marriage in 1993. Although husband testified he owned 100% of the company's stock both before and during the marriage, wife presented no evidence as to the company's stock

- 4 -

value, nor did she present evidence of any assets owned or debts incurred by the company prior to the marriage in 1993. In fact, all of the assets and debts used to value the company at the time of the equitable distribution hearing were acquired during the marriage. Without evidence of the baseline value of the company, the circuit court could not determine whether or not the company increased in value during the marriage, much less whether any such value was "substantial." Thus, in awarding wife a 40% interest in the company's total assets, the circuit court effectively treated the company's current value as wholly marital, effectively omitting husband's separate interest in the company. In doing so, the circuit court clearly erred.

We, therefore, hold that because wife failed to present any evidence of the company's value prior to the marriage in 1993, she necessarily failed to carry her burden of proving the company *increased in value* during the marriage. "It is axiomatic that the failure to produce evidence on an issue is held against the party having the burden of proof, not against the party that does not have the burden of proof." Roy J. Bucholtz, P.C. v. Computer Based Sys., Inc., 255 Va. 349, 355, 498 S.E.2d 231, 234 (1988). Because wife failed to prove the company increased in value during the marriage, the circuit court's classification of husband's company as hybrid property is "plainly wrong and without evidence to support it."

## II. Conclusion

For the foregoing reasons, we reverse the circuit court's finding that husband's company is hybrid property and its resulting equitable distribution award to wife, and we remand the matter to the circuit court for reconsideration and refashioning of the equitable distribution and spousal support awards in a manner consistent with this opinion. Given our holding with respect to this assignment of error, we need not and do not consider husband's additional assignments of error.

Reversed and remanded.