UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Petty, Chafin and Senior Judge Annunziata
Argued at Alexandria, Virginia


MICHAEL DONNELL GREEN

MEMORANDUM OPINION[*] BY
v.      Record No. 1888-11-4                   JUDGE ROSEMARIE ANNUNZIATA
JANUARY 8, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Craig D. Johnston, Judge

Christopher D. Feldmann (Irving & Irving, P.C., on brief), for
appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Michael Donnell Green, appellant, was convicted for the use of a firearm in the commission

of a felony.  On appeal, he contends the trial court erred by finding sufficient evidence was

presented to convict him of the use or display of a firearm in a threatening manner during the

commission of a robbery.[1]  Finding the trial court did not rule on this specific argument, we affirm

appellant's conviction.

Code § 18.2-53.1 states in pertinent part:  "It shall be unlawful for any person to use or

attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening

manner while committing or attempting to commit . . . robbery . . . ."

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also convicted of three counts of robbery.  However, this appeal involves only the conviction for use of a firearm in the commission of a felony in violation of Code § 18.2-53.1, Circuit Court No. CR10000481-00.

In his opening brief, appellant argues he never threatened the victim in any way and none of his actions in the course of the robbery indicated a "threatening manner." He also asserts that "[w]hile fear was clearly induced in the mind of the victim by the presence of a gun in this case, [appellant] clearly did not threaten the victim or display his firearm in a threatening manner to induce that fear." Appellant contends the evidence was insufficient to prove he violated Code § 18.2-53.1 because no evidence showed he either used the firearm or displayed it in a threatening manner.

At the trial, appellant argued the evidence failed to prove he possessed a gun during the incident, there was "[n]o threat or force [or] violence," there was no proof he had a "working gun," and there was "no use of a firearm" in the robbery.

The trial court, when announcing its decision concerning the firearm charge, stated that it reviewed this Court's *en banc* opinion in <u>Startin v. Commonwealth</u>, 56 Va. App. 26, 690 S.E.2d 310 (2010) (*en banc*).[2] The trial court asked the prosecutor and appellant's counsel to review the <u>Startin</u> opinion, and the trial court heard further arguments on the use of a firearm charge. Appellant's counsel limited his argument to whether the item appellant possessed during the robbery looked like "an actual firearm" and whether the victim believed it was a firearm.

The trial court found appellant guilty of robbery, stating:

> I find that there was a weapon or what appeared to be a weapon to [the victim], and that [the victim] was put in fear as a result of that. In fear of serious bodily harm as a result of that.
>
> From [the victim's] own testimony he thought he might get shot and that's reasonable concern under the circumstances. And that was what caused him to give over the money.

---

[2] Appellant's trial took place on January 3, 2011. On March 4, 2011, the Supreme Court of Virginia affirmed this Court's *en banc* decision in <u>Startin v. Commonwealth</u>, 281 Va. 374, 706 S.E.2d 873 (2011).

The trial court then addressed its ruling related to the firearm charge and stated:

> I find that . . . you pulled from your pocket something that looked . . . to the victim like a firearm, and that under the case law, he's not required to be an expert and find out whether it's a toy or not a toy. It had the appearance of being a firearm. He was reasonably in fear of being shot if he tried to grab it and failed to do it.

> I think that demonstrates, that while he wasn't enough of an expert to be sure, in fact, it appeared to be a firearm to [the victim] and was used in a manner that was intended to make him believe it was a firearm, and that he was not required to test it by grabbing it or failing to give money and see whether he actually got shot or not.

> [T]his was within precisely what the statute was intended to preclude or forbid. Which is when someone won't give you what they've asked for without a weapon being displayed one gets out and put on the counter. That's exactly what the legislature intended it forbid when they said that one may not use or display a firearm in the commission of a felony.

> The proof that it was actually a working firearm I don't think was necessary under the circumstances.

Thus, the trial court's rulings focused on whether the item appeared to be a firearm, whether the victim believed it was a firearm, and whether the victim was put in fear. However, on appeal, appellant argues the evidence was insufficient because "[w]hile fear was clearly induced in the mind of the victim by the presence of a gun . . . [appellant] clearly did not threaten the victim or display his firearm in a threatening manner to induce that fear." The trial court did not rule on the argument that the evidence failed to show appellant threatened the victim or displayed the firearm in a threatening manner during the incident.[3] "Because the record does not show that the trial court ruled on appellant's argument, there is no ruling of the trial court for this

---

[3] We note that this Court's *en banc* opinion in Startin specifically states it does not address the argument raised by appellant in the instant case--whether the evidence was sufficient to prove he used or attempted to use a firearm in a threatening manner. Startin, 56 Va. App. at 30 n.1, 690 S.E.2d at 312 n.1.

Court to review on appeal." <u>Duva v. Duva</u>, 55 Va. App. 286, 299, 685 S.E.2d 842, 849 (2009) (citing <u>Fisher v. Commonwealth</u>, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993)).

Accordingly, we affirm the judgment of the trial court.

<u>Affirmed.</u>