COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Kelsey, Beales and Senior Judge Clements

HUSAIN R. KHAN

                                                   MEMORANDUM OPINION[*]

v.     Record No. 1997-13-4                             PER CURIAM
                                                      MAY 6, 2014

RASIA KHAN

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Brett A. Kassabian, Judge

(Husain Khan, *pro se*, on briefs).

(Mark Bodner, on brief), for appellee.


Husain Khan (husband) appeals the trial court's rulings on the modification of support and
the division of retirement.  Husband argues that the trial court erred by (1) failing to offset $7,130 of
attorney's fees against Rasia Khan's (wife) share of the marital share of husband's retirement;
(2) failing to order payment of $11,759 of marital debts that were paid, or being paid, by husband;
(3) dismissing with prejudice husband's "Rule to Show Cause for Unpaid Marital Debts," including
attorney's fees; (4) approving a Court Order Acceptable for Processing (COAP) regarding
husband's interest in the Federal Employee Retirement System (FERS) with language that enables
wife to obtain a portion of his pension even if she remarries, which was not part of the final decree
of divorce; and (5) failing to modify child support.[1]  Upon reviewing the record and briefs of the
parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the
decision of the trial court.  See Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Husband included numerous sub-parts relating to his assignments of error, which will
be discussed below.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

On August 6, 2010, the trial court entered a final decree of divorce that included provisions dividing the parties' retirement and their debt. It also addressed attorney's fees.

In December 2010, husband filed for bankruptcy under Chapter 13 of the United States Bankruptcy Code. He was able to reduce and restructure many of his debts, including those apportioned to him in the final decree of divorce.

In 2013, the parties filed several motions with the court regarding their final decree of divorce. Husband sought to modify custody, visitation, child support, and spousal support. He also filed a petition for show cause against wife because she had not paid her share of the marital debts. Wife requested that the trial court enter COAPs for her share in husband's FERS plan and his Thrift Savings Plan (TSP).

On July 29, 2013, the trial court heard evidence and argument from the parties. The trial court issued its ruling from the bench and found that husband did not meet his burden of proof showing that a material change in circumstances warranted a change in custody, visitation, child support, and spousal support. The trial court held that wife "did not willfully violate this Court's Orders for payment of debt." Lastly, it clarified language for the COAPs, but it did not offset wife's obligation for husband's attorney's fees with her interest in his TSP.

On September 13, 2013, the parties appeared before the court for entry of the COAPs and final order from the July 29, 2013 hearing. The trial court entered the orders on that date. The trial court noted that the only motion on the docket was entry of the final order and COAPs, and not husband's motion to enforce orders filed on August 29, 2013.

On October 3, 2013, husband filed a motion to reconsider, but the court did not stay or suspend the September 13, 2013 order. Therefore, the September 13, 2013 order became final on October 4, 2013. See Rule 1:1. On October 10, 2013, the trial court entered an order stating that it no longer had jurisdiction to consider husband's motion to reconsider. This appeal followed.

## ANALYSIS

### *Assignment of error 1*

Husband argues that the trial court erred by not offsetting $7,130 of attorney's fees against wife's share of husband's retirement. The final decree of divorce specifically awarded wife $53,827.50 for her interest in husband's TSP. It also stated:

> By order entered on February 19, 2010 this Court awarded husband seven thousand one hundred thirty dollars ($7,130.00) for attorney's fees to be credited against wife's receipt of money and/or property in equitable distribution. This sum *may* be credited to her by an exchange in equitable distribution or paid by wife directly to husband.

(Emphasis added.) Neither party appealed the final decree of divorce.

At the hearing in July 2013, the trial court followed the final decree of divorce and ordered that wife would receive $53,827.50 for her share in the TSP. In his opening brief, husband cites cases to support his argument that trial courts can offset equitable distribution awards with marital debts. [2] See Duva v. Duva, 55 Va. App. 286, 685 S.E.2d 842 (2009). However, the cases cited by husband can be distinguished because in those cases, the trial courts were ruling on equitable distribution. In this case, the trial court already divided the parties' assets and liabilities and entered a final decree of divorce three years earlier. The final decree of divorce was a final order, which could not be modified. Rule 1:1.

---

[2] Husband also cites two circuit court cases that carry no precedential value and will not be considered.

Pursuant to Code § 20-107.3(K)(4), a court has

> continuing authority and jurisdiction to make any additional orders
> necessary to effectuate and enforce any order entered pursuant to
> this section, including the authority to . . . [m]odify any order . . .
> intended to affect or divide any pension, profit-sharing or deferred
> compensation plan or retirement benefits . . . only for the purpose
> of establishing or maintaining the order as a qualified domestic
> relations order [QDRO] or to revise or conform its terms so as to
> effectuate the expressed intent of the order.

"The QDRO may not 'modify a final divorce decree simply to adjust its terms in light of the parties' changed circumstances' but must be 'consistent with the substantive provisions of the original decree.'" Hastie v. Hastie, 29 Va. App. 776, 780-81, 514 S.E.2d 800, 803 (1999) (quoting Caudle v. Caudle, 18 Va. App. 795, 798, 447 S.E.2d 247, 249 (1994)).

In this case, the final decree specifically stated that wife received $53,827.50, and the COAP reflected that amount. The final decree also stated that wife "may" offset the amount owed for attorney's fees against an equitable distribution award. It did not require the offset, nor did it adjust the TSP award with respect to the $7,130 owed. Since the final decree included a specific amount awarded to wife, the trial court could not adjust her award by offsetting it against monies she owed husband.

We note that husband includes several other arguments in his brief related to the trial court's refusal to offset wife's share of the TSP with the $7,130 she owes for attorney's fees. We will not consider these additional arguments because husband did not cite any legal authority to support his statements, and we consider husband's failure to comply with Rule 5A:20(e) to be significant.

*Assignments of error 2, 3, and 4*

Husband argues that the trial court erred by failing to enforce the final decree and failing to order wife to pay $11,759 worth of marital debts. Further, husband asserts that the trial court erred in dismissing his show cause "with prejudice." He also contends the trial court erred by adding language into the FERS COAP regarding wife's receipt of her share if she remarries.

- 4 -

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error."

Husband did not comply with Rule 5A:20(e) because his opening briefs do not contain any principles of law, or citation to legal authorities, or the record to fully develop his arguments relating to these assignments of error.

Husband has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. "Even *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

We find that husband's failure to comply with Rule 5A:20(e) is significant, so we will not consider the second, third, and fourth assignments of error. See Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

*Assignment of error 5*

Husband argues that the trial court erred by not modifying child support. The final order states that husband failed to meet his burden of showing a material change in circumstances that warranted a modification of child support. Husband's only objection to child support on the final order was that "[t]here is no mention or ruling regarding 'child support.'"

For the first time on appeal, husband argues that the trial court did not calculate the presumptive child support obligation and did not use the shared custody guidelines. We "will not

consider an argument on appeal which was not presented to the trial court." <u>Ohree v. Commonwealth</u>, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); <u>see</u> Rule 5A:18.

Husband includes additional arguments in his opening brief to explain why child support should have been modified, but he does not offer any legal authorities to support his arguments. As stated above, we will not consider arguments without citations to legal authority, and we find husband's failure to comply with Rule 5A:20(e) to be significant. <u>See</u> <u>Fadness v. Fadness</u>, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention.").

*Attorney's fees and costs*

Wife asks this Court to award her attorney's fees and costs incurred on appeal. <u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by wife in this appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27. We remand this case to the trial court for determination and award of the appropriate appellate attorney's fees and costs, which also should include any additional attorney's fees and costs incurred at the remand hearing.

<u>Affirmed and remanded.</u>