# COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff, Chaney and Senior Judge Haley

JAMES ROBERT RORRER

                                                    MEMORANDUM OPINION[*]
v.          Record No. 0340-21-3                          PER CURIAM
                                                    NOVEMBER 16, 2021

LOUISE UNDERWOOD

FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
William N. Alexander, II, Judge

(Melissa P. Keen, on brief), for appellant. Appellant submitting on brief.

No brief for appellee.

James Robert Rorrer appeals a final order of adoption. Rorrer argues that the circuit court erred in finding that his consent to the adoption was not required under Code § 63.2-1202(H) because Louise Underwood failed to prove that he had "neither visited nor contacted the child for a period of six months immediately prior to the filing of the petition for adoption." Rorrer also asserts that the circuit court erred in finding that the "termination of the parent-child relationship" was in the child's best interests. Upon reviewing the record and briefs of the parties, we conclude that the circuit court did not err. Accordingly, we affirm the decision of the circuit court.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

We recite the evidence in the light most favorable to Underwood, as she prevailed in the circuit court. Geouge v. Traylor, 68 Va. App. 343, 347 (2017). "Because the circuit court heard evidence *ore tenus*, its factual findings are 'entitled to the same weight accorded a jury verdict[] and . . . will not be disturbed on appeal unless plainly wrong or without evidence to support' them." Id. (quoting Bristol Dep't of Soc. Servs. v. Welch, 64 Va. App. 34, 44 (2014)).

Rorrer is the biological father to the child who was the subject of the adoption proceedings.[2] On April 7, 2017, Henry County Juvenile and Domestic Relations District Court (Henry County JDR court) awarded custody of the then-two-and-a-half-year-old child to Underwood, who is the child's maternal great grandmother. The child has lived continuously with Underwood since the entry of the custody order. On September 18, 2020, Underwood filed a petition for adoption arguing that Rorrer was "withholding [his] consent contrary to the best interests of the child as set forth in Va. Code § 63.2-1205." In addition, Underwood asserted that Rorrer's consent was not necessary under Code § 63.2-1202(H) because "without just cause, [he] ha[d] neither visited nor contacted the child for a period of six months immediately prior to the filing of this petition for adoption." Rorrer noted his objection to the proposed adoption.

---

[1] The record in this case was sealed. Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues appellant has raised. Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." Levick v. MacDougall, 294 Va. 283, 288 n.1 (2017).

[2] The child's biological mother had a history of substance abuse and tested positive for methamphetamine, amphetamine, cocaine, and opiates at the adoption hearing; she did not appeal the final order of adoption.

On February 23, 2021, the circuit court held a hearing on Underwood's petition.[3]  The circuit court heard evidence that Rorrer "may have" seen the child once since the child had been living with Underwood.  Underwood's address and telephone number had not changed since Henry County JDR court awarded her custody of the child, and Rorrer was aware of Underwood's address.  While Underwood had "not done anything" to prevent Rorrer from visiting the child, Rorrer had experienced "transportation issues" that affected his ability to visit the child.  At the time of the circuit court hearing, Rorrer was serving a four-year sentence for distribution of Schedule I/II controlled substance; he had been incarcerated since June 19, 2019.

The circuit court also heard evidence that Underwood was seventy-three years old and in "good health."  She and the child lived in a three-bedroom, two-bath home.  Underwood had "adequate income" to meet the child's needs.  The child was doing "well" in school and was in "good health."  The child had a photograph of Rorrer in her bedroom.

After hearing the evidence and the parties' arguments, the circuit court granted Underwood's petition for adoption.  The circuit court reviewed the factors delineated in Code § 63.2-1205 and found that the adoption was in the child's best interests.  This appeal followed.

ANALYSIS

Best interests of the child

Rorrer argues that the circuit court erred in finding that the adoption, or the "termination of the parent-child relationship," was in the child's best interests.  Acknowledging that he was incarcerated, Rorrer contends that there was "no evidence" that he had not met the child's needs in the past and could not "provide, long-term, for the care and well-being" of the child.  He asserts that the child "value[d] her relationship with Rorrer," as evidenced by the photograph of him that she

_____

[3] The record includes a written statement of facts in lieu of a transcript of the February 23, 2021 hearing.

- 3 -

kept in her bedroom. Assuming without deciding that Rorrer preserved his argument for appeal, we find that the evidence was sufficient to support the circuit court's finding that the adoption was in the child's best interests.

"'[T]he interest of parents in the care, custody, and control of their children . . . is perhaps the oldest of the fundamental liberty interests recognized by' the United States Supreme Court." Geouge, 68 Va. App. at 368 (quoting Troxel v. Granville, 530 U.S. 57, 65 (2000) (plurality opinion)). "We have consistently held that to grant a petition for adoption over a birth parent's objection, there must be more than a mere finding that the adoption would promote the child's best interests." Copeland v. Todd, 282 Va. 183, 197 (2011) (citing Malpass v. Morgan, 213 Va. 393, 398-99 (1972)). "Virginia's statutory scheme for adoption, including Code §§ 63.2-1205 and -1208, defines the best interests of the child in terms that require more expansive analysis than when the contest is between two biological parents." Id. at 199.

Code § 63.2-1205 states, in relevant part, as follows:

> In determining whether the valid consent of any person whose consent is required is withheld contrary to the best interests of the child, . . . the circuit court . . . shall consider whether granting the petition pending before it would be in the best interest of the child. The circuit court . . . shall consider all relevant factors, including the birth parent(s)' efforts to obtain or maintain legal and physical custody of the child; whether the birth parent(s) are currently willing and able to assume full custody of the child; whether the birth parent(s)' efforts to assert parental rights were thwarted by other people; the birth parent(s)' ability to care for the child; the age of the child; the quality of any previous relationship between the birth parent(s) and the child and between the birth parent(s) and any other minor children; the duration and suitability of the child's present custodial environment; and the effect of a change of physical custody on the child.

The record demonstrates that the circuit court considered the evidence presented and the statutory factors. The circuit court found that Rorrer had made "no efforts to obtain or maintain legal or physical custody of the child." Underwood had had custody of the child since April 2017.

The record does not reflect that Rorrer ever filed a petition for custody. The circuit court further found that because of his current incarceration, Rorrer was "unable to assume full custody" of the child and did "not have the ability or means to care for the child."

In addition, the circuit court found that Underwood had not prevented Rorrer from seeing the child and had not thwarted his parental rights. Underwood had not changed her address or phone number since being awarded custody of the child. The only evidence of Rorrer's contact with the child was that he "may have" seen the child once since the child had been "placed" in Underwood's care. The circuit court found that the quality of Rorrer's relationship with the child was "poor due to the minimal contact" he had had with the child.

The circuit court further found that the child's current custodial arrangement was "stable and satisfactory to meet the child's needs." At the time of the circuit court hearing, the child was six years old and had been living with Underwood for almost four years. Considering the record before us, the circuit court did not err in finding that the adoption was in the child's best interests. "When, as here, the circuit court reviewed the statutory factors, based its findings on evidence presented, and did not commit legal error, there is no basis for this Court to reverse its decision." Geouge, 68 Va. App. at 372.

Code § 63.2-1202(H)

Rorrer also argues that the circuit court erred in finding that his consent to the adoption was not necessary under Code § 63.2-1202(H).[4] The limited record before us does not reflect that the circuit court made such a finding, so "there is no ruling of the trial court for this Court to review on appeal." Duva v. Duva, 55 Va. App. 286, 299 (2009). The circuit court's final order of

---

[4] "No consent shall be required of a birth parent who, without just cause, has neither visited nor contacted the child for a period of six months immediately prior to the filing of the petition for adoption or the filing of a petition to accept consent to an adoption." Code § 63.2-1202(H).

adoption mistakenly states that the petition for adoption was filed under Code § 63.2-1243.2, instead of Code § 63.2-1242.3. We remand the matter to the circuit court to correct this typographical error. See Code § 8.01-428(B).

## CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

<u>Affirmed.</u>